**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _____

MELVIN BARTOLOME
SANTOS CAMACHO;

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## COMPLAINT

Plaintiff Melvin Bartolome Santos Camacho files this Complaint for damages against defendant United States of America for the wrongful actions of doctors, employees, and other agents of the Department of Veterans Affairs.

## NATURE OF THE ACTION

1. This is an action against the defendant, United States of America, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, for injuries sustained by plaintiff Melvin Santos Camacho arising from the negligent and wrongful acts and omissions of employees, agents, and doctors of the Department of Veterans Affairs that resulted in the irreparable mutilation of Mr. Santos Camacho's genitalia and the deterioration of his mental health.

## THE PARTIES

2. Plaintiff Melvin Santos Camacho is a disabled Army veteran who currently resides in Hollywood, Florida. Mr. Santos Camacho has traveled to Puerto Rico extensively to

assist his family with personal matters. While in Puerto Rico, Mr. Santos Camacho has received medical treatment from the Veterans Affairs hospital in San Juan (the "VA Hospital").

3. Defendant United States of America maintains the Department of Veteran Affairs and employs the doctors and staff at the VA Hospital that treated Mr. Santos Camacho. The Department of Veterans Affairs also maintains hospitals in this district.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1).

5. Venue is proper in this Court, under 28 U.S.C. § 1391(e)(1), because this action is against the United States and Mr. Santos Camacho is a resident of this judicial district.

6. Mr. Santos Camacho has satisfied all jurisdictional prerequisites to the filing of this complaint, under 28 U.S.C. § 2675(a). On March 9, 2018, Mr. Santos Camacho filed an administrative claim. As of the date of this filing, the Department of Veterans Affairs has not issued a ruling on Mr. Santos Camacho's administrative claim.

7. All conditions precedent to this action have occurred, been performed, or have been waived.

## FACTUAL ALLEGATIONS

8. Mr. Santos Camacho has received medical and mental health treatment almost exclusively from the Department of Veterans Affairs for more than 30 years.

9. On September 27, 2012, Mr. Santos Camacho was admitted into the VA Hospital to address severe pain that he was experiencing from an erection that would not subside. That same day, Mr. Santos Camacho was diagnosed with a priapism that was caused by a combination of medications that VA doctors had prescribed to Mr. Santos Camacho. The doctors at the VA

Hospital failed to warn Mr. Santos Camacho that the medicines prescribed to him could potentially put him at risk for priapism.

10. On September 28, 2012, Dr. Gabriel J. Miranda-Ramirez, a doctor at the VA Hospital, performed surgery on Mr. Santos Camacho to relieve the priapism.

11. During a follow-up visit at the VA Hospital, Mr. Santos Camacho informed Dr. Miranda that he was unable to have an erection following the September 28, 2012 surgery. Dr. Miranda diagnosed Mr. Santos Camacho with erectile dysfunction and recommended that he undergo surgery to address his erectile dysfunction by implanting an inflatable penile prosthesis. Dr. Miranda stated that he would personally perform the surgery and assured Mr. Santos Camacho by stating that he was the Urology Section Chief of the VA Hospital. Mr. Santos Camacho trusted Dr. Miranda and followed his recommendation to undergo surgery to implant an inflatable penile prosthesis.

12. On July 25, 2013, Mr. Santos Camacho underwent surgery to implant an inflatable penile prosthesis to address his erectile dysfunction.

13. Following the July 25, 2013 surgery, VA doctors performed four additional invasive and severely painful surgeries to implant, replace, and repair penile prostheses over a period of three years. Each surgery was motivated by the doctors' knowing efforts to conceal the egregious medical errors committed by their colleagues.

14. In September 2017, Mr. Santos Camacho met with Dr. Richard Stack in Augusta, Georgia. During that medical visit, Mr. Santos Camacho learned for the first time about the detrimental effects of the surgeries performed by Dr. Miranda and the other doctors at the VA Hospital.

15. Dr. Stack informed Mr. Santos Camacho that the only possibility of correcting the many faulty surgeries would be to undergo a high-risk invasive surgical operation with a low probability of success and a high risk of infection that could ultimately result in the amputation of his penis. According to Dr. Stack, this corrective surgery on Mr. Santos Camacho would involve "opening [him] up like a banana."

16. Mr. Santos Camacho elected not to undergo the dangerous surgery suggested by Dr. Stack considering the low probability of success associated with the surgery.

17. After years of painful surgeries and excruciating recoveries, Mr. Santos Camacho has suffered permanent physical damage, including constant pain, scarring, fibrosis, and permanent disfigurement. Mr. Santos has also suffered from a deterioration of his mental health, stemming from his erectile dysfunction. Mr. Santos Camacho has been unable to engage in sexual intercourse as a result of the failed surgeries by the VA doctors.

## CAUSE OF ACTION

### COUNT I
### (NEGLIGENCE)

18. Mr. Santos Camacho realleges and incorporates by reference paragraphs 1 through 17 of this Complaint.

19. Defendant owed a duty to Mr. Santos Camacho to exercise reasonable care in treating him for his ailments.

20. Defendant breached its duty of care to Mr. Santos Camacho by:

   (a) Failing to properly warn him that his prescribed medications put him at risk for priapism;

   (b) Failing to timely and properly treat his priapism and other medical conditions, including fibrosis;

(c) Failing to timely and properly treat his erectile dysfunction;

(d) Strongly recommending a high-risk surgical procedure to implant a penile prosthesis and other subsequent surgeries to replace and repair the prostheses;

(e) Failing to properly warn Mr. Santos Camacho of the substantial risks of implanting a prosthesis, including the risk that the prosthesis would not remedy his erectile dysfunction and the likelihood of deformity, infection, and scaring;

(f) Failing to properly select and implant medically-appropriate prostheses and associated parts;

(g) Causing Mr. Santos Camacho to experience a severe supersonic transporter ("SST") deformity as a result of multiple failed surgical procedures;

(h) Causing and failing to properly treat Mr. Santos Camacho for fibrosis in his penis before inserting prostheses and causing additional fibrosis and scarring by continuing to perform failed surgeries;

(i) Prescribing and providing medications, without proper consideration of Mr. Santos Camacho's medical and mental health conditions, which were well documented; and

(j) Withholding and misrepresenting pertinent information that Mr. Santos Camacho needed regarding his medical condition to make informed medical choices.

21. As a direct result of Defendant's breach of its duty to Mr. Santos Camacho, he has experienced tremendous damage, including constant physical pain, mental pain and anguish, scarring, fibrosis, permanent disfigurement, a severe SST deformity, deterioration of his mental health, and an inability to engage in sexual intercourse.

WHEREFORE, Mr. Santos Camacho demands judgment in his favor against Defendant awarding damages, including compensation for all the damages he has suffered, prejudgment interest, costs, and such other relief as the Court deems appropriate.

## JURY TRIAL DEMAND

Mr. Santos Camacho demands a trial by jury on all of the issues raised in this complaint.

Dated: May 8, 2019.

| | |
|---|---|
| **RIVERO MESTRE LLP** | **BRUCE L. UDOLF, P.A**. |
| *Counsel for Mr. Santos Camacho* | *Co-Counsel for Mr. Santos Camacho* |
| 2525 Ponce de León Blvd., Suite 1000 | Broward Financial Centre |
| Miami, Florida 33134 | 500 East Broward Blvd., Suite 1400 |
| Telephone: (305) 445-2500 | Fort Lauderdale, Florida 33394 |
| Facsimile: (305) 445-2500 | Telephone: (954) 858-8831 |
| Email: arivero@riveromestre.com | Facsimile: (954) 525-2134 |
| Email: cwhorton@riveromesre.com | Email: budolf@bruceudolf.com |
| | |
| By: /s/ Andres Rivero | By: /s/ Bruce L. Udolf |
| ANDRES RIVERO | BRUCE L. UDOLF |
| Florida Bar No. 613819 | Florida Bar No. 0899933 |
| CHARLIE WHORTON | |
| Florida Bar No. 46894 | |

## CERTIFICATE OF SERVICE

I CERTIFY that on May 8, 2019, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

                                                      s/ Andrés Rivero
                                                      ANDRÉS RIVERO